# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3240

_____

Luzella Goff,                                  *
                                               *
                  Appellant,                   *
                                               *  Appeal from the United States
          v.                                   *  District Court for the
                                               *  Western District of Missouri.
Jo Anne B. Barnhart, Commissioner              *
of Social Security,                            *
                                               *       [UNPUBLISHED]
                  Appellee.                    *

_____

Submitted:  March 11, 2004

Filed:  May 21, 2004

_____

Before RILEY and MELLOY, Circuit Judges, and ERICKSON,[1] District Judge.

_____

PER CURIAM.

    Luzella Goff appeals the district court's[2] decision affirming the Commissioner's denial of social security disability benefits. We affirm.

_____

    [1]The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota, sitting by designation.

    [2]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

Goff, born December 9, 1970, has a seventh grade education and has never received her GED. She is 5'6" and 250 pounds, and her doctors have described her as obese. She has been diagnosed with hepatitis C. Her work history consists of janitorial and telemarketing jobs that only lasted a month or two. She has never held a job longer than six months and has not worked since January 1, 1997.

On April 13, 2000, Goff applied for social security disability benefits citing chronic hepatitis C. The application was denied. On June 7, 2001, a hearing was held before an administrative law judge (ALJ).

At the hearing, Goff testified that she has stomach pain all the time, she is always tired, she is always nauseous, and her joints ache. She also testified that she frequently gets headaches, and she feels light-headed all the time. She usually wakes up at about 10:00 or 11:00 every day and takes a nap for between one to three hours in the afternoon. The doctors have not prescribed any medication for her. They recommended that she take over-the-counter pain medication for her joint aches and headaches.

The ALJ found that Goff had the following "severe" impairments: "1. chronic hepatitis C, mild, secondary to a history of alcohol abuse; 2. history of alcohol abuse, in full remission for one year; and 3. obesity." However, the medical evidence did not support a conclusion that her hepatitis C met any of the criteria in the Listing of Impairments. The ALJ concluded that Goff's testimony about her subjective complaints was not credible because none of the objective medical evidence supported her complaints.

At the hearing, a vocational expert testified about Goff's working capabilities. Taking into account Goff's lifting limitations, her 7th grade education, her inability to walk or stand for prolonged periods of time, and her need to take a prolonged rest break, the vocational expert testified to several different jobs Goff would be able to

perform. The ALJ found that Goff was not disabled and that she had the capacity to perform jobs that existed in significant numbers in both the local and national economies.

The Appeals Council denied further review, and the district court affirmed the denial of benefits. On appeal to this court, Goff argues that her condition does meet the requirements in the Listing of Impairments, and she argues that the ALJ posed an improper hypothetical question to the vocational expert.

Our scope of review is narrow. "We will affirm the ALJ's findings if supported by substantial evidence on the record as a whole." Beckley v. Apfel, 152 F.3d 1056, 1059 (8th Cir. 1998). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." Id. We find the decision is supported by substantial evidence and affirm for the reasons given by the district court. See 8th Cir. R. 47B.

_____